STRAUB *v.* STRAUB.

(Decided May 21, 1928.)

*Mr. Clinton Egbert,* for plaintiff in error.
*Mr. Warren Gard,* for defendant in error.

HAMILTON, P. J. The plaintiff in error here, Sophia Straub, brought an action in the court of common pleas of Butler county against Cleophas Straub, on the following allegations in her petition:

"Plaintiff says that she and the defendant are husband and wife, having been married October 10, 1899, but that they are living separate and apart since on or about July 24, 1917; that there were born to said parties three children, Cleve Straub, who died on May 26, 1921, Eugene Straub, and Priscilla Straub; that Eugene Straub is now 19 years of age and Priscilla Straub 12. Plaintiff says that ever since the separation of these parties as above set forth, all of said minor children until they were self-supporting lived with this plaintiff in the city of Hamilton, Butler county, Ohio, and by a decree of the common pleas court of Butler county, Ohio, in cause No. 28888, between these parties, said decree being entered February 1, 1923, this plaintiff was awarded the care, custody, and control of said minor children. That on or about the 26th day of July, 1918, the juvenile court of Butler county, Ohio, made an order requiring the defendant to pay to this plaintiff, for the support of these minor children, $6 per week, beginning August 3, 1918. Plaintiff says defendant has wholly failed, neglected, and refused to comply with said order, and that the same has continued in full force and effect up to January 1, 1926. That during all of said time, this plaintiff has furnished all the support and maintenance for said children entirely by her own efforts and out of her own means, and she is entitled to recover the reasonable value thereof from the defendant, said defendant willfully and unlawfully neglecting to support said children from the time of said separation, January 24, 1917, until January 1, 1926, at which time the court of common pleas of Butler county, Ohio, made an order providing for the support of said

minor child Priscilla Straub. Plaintiff says that a reasonable value for the support of said minor children during all of said time since said separation July 24, 1917, up to January 1, 1926, is at the rate of $6 per week, or a total amount of $2,718.

"Wherefore, plaintiff prays judgment against said defendant for said sum of $2,718, with interest from and after the day of filing this petition."

The defendant admits the marriage, that they are living separate and apart, and the birth of the children; but denies that there was any order requiring the defendant to pay $6 per week for the support of minor children, denies that he has failed and neglected or refused to comply with the order, denies his ability to pay, denies that plaintiff furnished the support and maintenance of the children by her own efforts, and denies the reasonableness of the value of the support, and as a second defense pleads as follows:

"Defendant for his second defense says that in cases No. 28888 and No. 32779 in the court of common pleas of Butler county, Ohio, by petition and supplementary petitions and answers thereto, and in cases No. 226 and No. 380 in the Court of Appeals of Butler county, Ohio, all between plaintiff and defendant herein, all matters in issue in this case have been fully and completely settled and determined * * * according to existing and valid judgments in said cases."

The case was submitted to the trial court upon the second defense, and, upon hearing, the court of common pleas found in favor of the defendant on that defense, and dismissed the action. From that judgment error is prosecuted to this court.

The bill of exceptions presents the judgments and records of the former cases, which defendant in error contends, and the trial court found, are *res judicata* as against the claim in plaintiff's petition.

The action as disclosed by the pleadings is to recover from the father for the maintenance and support of minor children, rendered by the mother prior to January 1, 1926.

The bill of exceptions discloses the following proceedings and judgments:

The first is a petition filed in case No. 28888, in which the plaintiff sought a divorce on the ground of habitual drunkenness, gross neglect of duty and extreme cruelty, charging in detail many acts and averments concerning the conduct of the defendant and praying for reasonable alimony, temporary and permanent; sought the care, custody, and control of the minor children, there being three at that time, and for proper maintenance for said children; and asked an injunction against the transfer or incumbrance of property. In the same case, No. 28888, an amended petition was later filed, differing only in that plaintiff omitted a plea for divorce and described property in which it is claimed the husband had certain interests.

Later, a supplemental petition was filed, claiming additional property interest in the husband, and asking an increase of alimony for her support and the support of the children. To the supplemental petition the defendant filed an answer in which he denies generally and specifically the facts set up in the supplemental petition, and puts in issue the averments in the supplemental petition.

A second supplemental petition was filed asking

increased allowance of alimony and support of the children. Defendant filed an answer to the second supplemental petition in which he set up that plaintiff recovered a judgment for $1,200, and alleged payment of $300 on that judgment. Whereupon the following entry was made by the trial court in case No. 28888:

"This day this cause came on to be heard upon the supplemental petition filed by the plaintiff herein September 23, 1924, and upon the answer of the defendant to said supplemental petition, which answer was filed August 20, 1925, and upon the second supplemental petition of the plaintiff filed January 21, 1926, and the answer of the defendant thereto filed February 8, 1927, and same was submitted to the court upon the evidence and argument of counsel.

"Upon consideration thereof the court finds that the plaintiff because of changed financial circumstances of the defendant is entitled to an amount in addition to the $1,200 heretofore decreed to the plaintiff as permanent alimony herein in the sum of $400 as additional permanent alimony, and it is therefore considered, ordered, and adjudged that plaintiff recover from the defendant said sum of $400 as additional permanent alimony herein.

"It is also considered, ordered and adjudged by the court that the plaintiff should be allowed an additional amount on account of the support of minor children, in this cause in the amount of $25 per month from and after January 21, 1926, and amounting now to $325, and it is therefore considered, ordered, and adjudged by the court that plaintiff have judgment against said defendant for said

sum of $325 on account of said support of minor children by the plaintiff.

"It is ordered that the costs of this action amounting to $108.22 be paid by the defendant, Cleophas Straub.

"To all of which ruling, decision, and judgment of the court, the plaintiff, Sophia Straub, and the defendant, Cleophas Straub, except.

"This court of common pleas does now certify this cause to the juvenile court of Butler county, Ohio, for public proceedings according to law."

It is plain from the judgment entry in this action that no order was made for the support and maintenance of the minor children covering the period prior to January 1, 1926, unless the alimony allowance of $1,200, and the increase later of $400, are to be considered as an allowance for maintenance and support of the minor children.

The next matter brought into the bill of exceptions, upon which is based the claim of *res judicata,* is the cross-petition of Sophia Straub in case No. 32779, entitled *"Lindley* v. *Hoffman et al."* This is an action in partition of the property in which Cleophas Straub had an interest. Sophia Straub came into the case and filed a cross-petition, in which she set up her claims secured by the judgment entry in case No. 28888. In addition thereto, in her cross-petition, she alleges an order and decree for alimony *pendente lite* in the sum of $2 per week, and the accumulations thereunder, in addition to the $1,200 lump alimony awarded. She also alleges an order of the Juvenile court of July 26, 1918, to the effect that Cleophas Straub should pay the cross-petitioner the sum of $6 per week for the support of minor

children, beginning August 3, 1918, amounting to $1,808, with interest, and prays the court for a decree finding there is due her from Cleophas Straub the sum of $1,200, with interest; seeks a decree on account of the $2 a week accumulations as alimony *pendente lite;* and asks that the court decree her the sum of $2,088.90, claimed by virtue of the order of the juvenile court for payment of $6 per week for the support and maintenance of the children, that the court decree the same a valid and subsisting lien on the interest of said Cleophas Straub, and that she be paid out of his interest these sums. Later she filed an amendment to her cross-petition, in which she asks for additional permanent alimony to be paid out of the interest of Cleophas Straub. To this amendment to the cross-petition, Cleophas Straub, by answer, alleges that the judgment for $1,200 includes all questions of alimony and support of his minor children, and alleges that on the $1,200 judgment he has paid $300, and asks that the cross-petition be dismissed.

In the judgment entry in the case of *Lindley* v. *Hoffman* the court found that Sophia Straub had recovered a judgment in the sum of $1,200, and had been paid on account thereof $300; that Sophia Straub was entitled to have the balance and the costs paid out of the share of Cleophas Straub in the real estate; that there was no judgment for alimony *pendente lite* against Cleophas Straub, as set out in the cross-petition, but only an order to pay; that there was no judgment against Cleophas Straub in the juvenile court, as set out in the cross-petition; that the juvenile court did make an order requiring Cleophas Straub to pay the sum of $5 per

week to Sophia Straub, beginning January 14, 1921, for the maintenance and support of his minor children; and the court refused to make any order with reference to the order of the juvenile court. Then in the decree the court ordered that Sophia Straub's dower interest be paid out of the proceeds of the sale, and ordered the payment of the balance of the $1,200 judgment, together with $400 additional permanent alimony and an award of $375 on account of the support by said Sophia Straub of the minor children of these parties since January 1, 1926.

The next proceeding, disclosed by the bill of exceptions, is an entry, as shown in case No. 28888, setting forth the award of $1,200 as alimony, and making the same a charge on the real estate belonging to the defendant.

This is all that is shown by the bill of exceptions.

There has been in the cases exhibited in the bill of exceptions no instance in which there has been a judgment for the maintenance and support of the minor children prior to January 1, 1926, unless the law is that such judgment is contained in the alimony award. That this is not the law was decided in the case of *Pretzinger* v. *Pretzinger,* 45 Ohio St., 452, on page 459, 15 N. E., 471, 474 (4 Am. St. Rep., 542), in which the Supreme Court of Ohio in the opinion says:

"The alimony allowed by the court below is not to be construed into an allowance for the support, also, of the child. Alimony, in its proper signification, is not maintenance to the children, but to the wife; and the fact that there has been a judgment of divorce, with alimony and custody of the minor children to the wife, will not of itself operate as

a bar to a subsequent claim against the husband for the children's maintenance.''

Indeed, the bill of exceptions and the judgment in the partition case, if they could be considered at all by the court, which we very seriously doubt, find that there is no judgment in the juvenile court, but that that court made an order requiring certain payments and the court therefore refused to make any order with reference to the order of the juvenile court.

It is suggested that the support of the children was a matter that the court might have determined in the actions, as the question was before the court, and therefore, although no order was made, the force and effect are the same, as the court could have made the order, and that therefore the rule *res judicata* would apply. It may be the court did not make such an order on account of defendant's inability to pay, and this would not preclude the right to sue and recover on such claim if and when he became able to pay. However, the period for which recovery is asked for maintenance of the children accrued after the alimony award. The claim not having accrued, it was not before the court at that time.

The facts in this case, insofar as they are disclosed in the record before us, are somewhat similar to those in the *Pretzinger case,* and the law as to the merits of the case is laid down in the syllabus of that case as follows:

''1. The obligation of the father to provide reasonably for the support of his minor child, until the latter is in a condition to provide for his own support, is not impaired by a decree which divorces the

wife *a vinculo,* on account of the husband's misconduct, gives to her the custody, care and nurture of the child, and allows her a sum of money as alimony, but with no provision for the child's support.

"2. The mother may recover a reasonable compensation from the father, for necessaries furnished by her to the child after such decree, and may maintain an original action for such compensation against the father, in a court other than that in which the divorce was granted."

Whether or not the petition seeks to reduce to judgment an order of the juvenile court, or is an action to recover the reasonable value of the support during the period claimed, is not before us in this error proceeding.

Our conclusion is that the action is not barred, that the judgment of the court of common pleas should be reversed, and that the cause should be remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

MILLS and CUSHING, JJ., concur.